UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND HAMMOND,<br><br>    Plaintiff,<br><br>    v.<br><br>MANAGEMENT & TRAINING CORPORATION, AND JOHN DOES 1 – 9,<br><br>    Defendants. | CASE NO. 1:13-CV-01209-AWI-JLT<br><br>AMENDED ORDER GRANTING IN PART STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 44) |

Before the Court is the stipulation to amend the scheduling order to allow additional time to conduct nonexpert discovery. (Doc. 44)  The parties report that there are several outstanding discovery requests including a Freedom of Information Act request to the Bureau of Prisons, a subpoena duces tecum to The GEO group, a recent document production of 1,000 documents which Plaintiff has not yet been able to complete review and a delayed deposition of Dr. Rucker, the Chief of Medicine at TCI. (Id. at 2)  Based upon these discovery issues, the parties propose changes to the case schedule but fail to allow sufficient time between the hearing on dispositive motions and the pretrial conference. Id. at 3.  Likewise, the parties fail to explain why they need to extend the deadline for non-expert discovery in order to evaluate whether motions to compel are needed.  Seemingly, the only change needed is an extension of time to file discovery motions.

///

**ORDER**

Based upon the foregoing, the stipulation is **GRANTED IN PART**. The scheduling order (Doc. 20) is amended as follows:

1. The deadline to complete the deposition of Dr. Rucker is extended to **December 31, 2014**;

2. Expert disclosures SHALL be made no later than **February 20, 2015** and rebuttal expert disclosures **SHALL** be made no later than **March 13, 2015**. All expert discovery **SHALL** be completed no later than **March 27, 2015**;

3. Non dispositive motions **SHALL** be filed no later than March 30, 2015[1] and heard no later than May 27, 2014;

4. Dispositive motions **SHALL** be filed no later than May 4, 2015 and heard no later than June 22, 2015;

5. To the extent that other changes to the case schedule were requested, these requests are **DENIED**;

**No other amendments to the case schedule are authorized.**

IT IS SO ORDERED.

Dated:   **December 5, 2014**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may continue to attempt to resolve the outstanding discovery issues—via amendment to the production request—despite the expiration of the non-expert discovery deadline. Likewise, Plaintiff may continue to defer GEO, Inc.'s deadline to produce records responsive to the outstanding subpoena duces tecum until he is confident the documents cannot be obtained from MTC. However, no further extensions of time to file non-dispositive motions will be granted. Thus, it behooves Plaintiff to insist on GEO's compliance with the subpoena in relatively condensed time frame.